AFTER REVIEWING RECENT NEWSPAPER REPORTS, IT IS THE UNDERSTANDING OF THIS OFFICE THAT THERE MAY BE SOME CONFUSION OVER THE APPLICATION OF PREVIOUS ATTORNEY GENERAL OPINIONS TO THE PROVISIONS OF 74 O.S. 2.2 (1988). BECAUSE OF THE ATTORNEY GENERAL'S CONCERN THAT THE WORKERS' COMPENSATION INSURANCE RATE HEARINGS SET BEFORE THE STATE BOARD FOR PROPERTY AND CASUALTY RATES NOT BE DELAYED TO THE DETRIMENT OF OKLAHOMA BUSINESSES, WE THOUGHT IT BEST TO WRITE YOU DIRECTLY TO CLEAR UP THE MATTER. THE POSSIBILITY THAT A RATE HIKE WOULD AUTOMATICALLY OCCUR DUE TO THE FAILURE OF THE BOARD TO MEET IS, OF COURSE, A COMPLETELY UNACCEPTABLE RESULT.
WHILE I AM UNCERTAIN TO WHAT A.G. OPINIONS YOU REFER, I HAVE BEEN UNABLE TO LOCATE ANY OPINIONS WHICH SPECIFICALLY HOLD THAT THE GOVERNOR MAY NOT MAKE AN APPOINTMENT TO FILL A VACANCY IN OFFICE, AS THAT TERM IS DEFINED IN THE STATUTES, WHILE THE LEGISLATURE IS IN SESSION. IN FACT, AS YOU WILL RECALL, IN 1987 THE GOVERNOR APPOINTED AN INTERIM EXECUTIVE DIRECTOR TO THE STATE ETHICS COMMISSION DURING THE LEGISLATIVE SESSION; IN AN OPINION OF THIS OFFICE ISSUED AS A RESULT OF THAT APPOINTMENT, THE EFFECTIVENESS OF THAT APPOINTMENT WAS UNQUESTIONED BY THE ATTORNEY GENERAL.
WHILE IT IS TRUE THAT UNDER SOME VERY LIMITED CIRCUMSTANCES OLDER JURISPRUDENCE IN OKLAHOMA AND ELSEWHERE HAS REQUIRED SENATE (OR OTHER APPROPRIATE) CONFIRMATION OF A GUBERNATORIAL APPOINTMENT IF SUCH APPOINTMENT IS MADE DURING THE LEGISLATIVE SESSION, THE RULE HAS EXTREMELY LIMITED APPLICATION. IT IS IMPORTANT TO NOTE, FIRST, THAT IT IS GENERALLY OF NO APPLICATION TO THE FILLING OF A VACANCY, AS DISTINGUISHED FROM A NEW TERM, UNLESS A STATUTE SPECIFICALLY REQUIRES SENATORIAL APPROVAL TO FILL THE PARTICULAR VACANCY. IN THE CASE OF THE PROPERTY AND CASUALTY BOARD, EXCEPT AS PROVIDED BY 74 O.S. 2.2, I HAVE LOCATED NO STATUTE WHICH REQUIRES VACANCIES ON THAT BOARD TO BE CONFIRMED BY THE SENATE. THUS, ABSENT THE PROVISIONS OF 2.2, I AM AWARE OF NO REASON EVEN UNDER THE OLDER JURISPRUDENCE THAT A GUBERNATORIAL APPOINTMENT TO FILL VACANCIES WOULD BE INEFFECTIVE UNTIL CONFIRMED. MOREOVER, THE RULE IS NOT APPLICABLE WHERE THE LEGISLATURE HAS, AS IN THIS CASE, CLEARLY PROVIDED OTHERWISE. 74 O.S. 2.2(A) CHANGES THE LAW TO NOW REQUIRE ALL GUBERNATORIAL APPOINTEES WHOSE FULL TERM APPOINTMENT WOULD BE SUBJECT TO CONFIRMATION, TO BE CONFIRMED WHERE APPOINTMENT IS TO FILL A VACANCY, AS WELL. BUT 74 O.S. 2.2(B) ALSO CLEARLY AUTHORIZES THE NOMINEE TO HOLD THE OFFICE ON AN "ACTING OR INTERIM BASIS" AND ASSUME THE DUTIES THEREOF. THEREFORE, EVEN IF OLDER A.G. OPINIONS WERE APPLICABLE TO THE FACTS, THE NEW STATUTE CHANGES THE LAW.
WE BELIEVE THAT ANY DESIGNEES OF THE GOVERNOR APPOINTED TO FILL VACANCIES OF THE BOARD, BUT NOT AS YET CONFIRMED, MAY ASSUME THE DUTIES OF OFFICE AND HEAR THE PENDING RATE CASE. IF YOU HAVE ANY QUESTIONS CONCERNING THE FOREGOING, PLEASE CONTACT ME AS SOON AS POSSIBLE, AS WE ARE QUITE CONCERNED THAT THE WORKERS' COMPENSATION RATE HEARING MOVE FORWARD AS SCHEDULED.
(SUSAN BRIMER LOVING)